# EXHIBIT 5

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| North Carolina State Conference of the NAACP, et al <br> *Plaintiff* <br> v. <br> Patrick Lloyd McCrory, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:13-CV-658 <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Senator Phil Berger

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Adam Stein, Tin Fulton Walker & Owen, 312 West Franklin Street, Chapel Hill, NC 27516 | Date and Time: <br> 01/20/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/05/2013

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Adam Stein |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* North Carolina State Conference of the NAACP, et al. , who issues or requests this subpoena, are:

Adam Stein, Tin Fulton Walker & Owen, 312 West Franklin Street, Chapel Hill, NC 27516; astein@tinfulton.com 919-240-7089

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:13-CV-658

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, EMMANUEL BAPTIST CHURCH, NEW OXLEY HILL BAPTIST CHURCH, BETHEL A. BAPTIST CHURCH, COVENANT PRESBYTERIAN CHURCH, CLINTON TABERNACLE AME ZION CHURCH, BARBEE'S CHAPEL MISSIONARY BAPTIST CHURCH, INC., ROSANELL EATON, ARMENTA EATON, CAROLYN COLEMAN, BAHEEYAH MADANY, JOCELYN FERGUSON-KELLY, FAITH JACKSON, and MARY PERRY, Plaintiffs, v. PATRICK LLOYD MCCRORY, in his official capacity as the Governor of North Carolina, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, JOSHUA B. HOWARD, in his official capacity as Chairman of the North Carolina State Board of Elections, RHONDA K. AMOROSO, in her official capacity as Secretary of the North Carolina State Board of Elections, JOSHUA D. MALCOLM, in his official capacity as a member of the North Carolina State Board of Elections, PAUL J. FOLEY, in his official capacity as a member of the North Carolina State Board of Elections and MAJA KRICKER, in her official capacity as a member of the North Carolina State Board of Elections, Defendants. | Case No.: 1:13-CV-658 |

## PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION TO SENATOR PHIL BERGER

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Plaintiffs submit their first set of requests for the production of documents and tangible things to Sen. Phil Berger. In

accordance with Rule 45, Sen. Phil Berger shall respond to these requests for production and shall produce the documents requested. Responses are to be served to Tin Fulton Walker & Owen, PLLC, 312 West Franklin Street, Chapel Hill, NC 27516, to the attention of Adam Stein, within forty-five days of service of these requests for production. Each document request is subject to the Instructions and Definitions preceding the specific requests.

## INSTRUCTIONS

1. If You object to any part of a request, set forth the basis for Your objection and respond to all parts of the request to which You do not object.

2. If any privilege is claimed as a ground for not producing a document or tangible thing, provide a description of the basis of the claimed privilege and all information necessary for the Plaintiffs to assess the claim of privilege.

3. In responding to these document requests, produce all documents available to You or subject to Your reasonable access or control. Documents requested are those in the actual or constructive possession or control of You, Your attorneys, investigators, experts, and anyone else acting on Your behalf.

4. Documents are to be produced as they are kept in the ordinary course of business.

5. Each request seeks the requested documents in their entirety, without abbreviation, redaction, or expurgation, including all attachments or other matters affixed to them.

6. If any otherwise responsive document was, but is no longer, in existence or in Your possession, custody, or control, identify the type of information contained in the document, its current or last known custodian, the location/address of such document, and the identity of all persons having knowledge or who had knowledge of the document, and also describe in full the circumstances surrounding its disposition from Your possession or control.

2

7. All responsive documents in existence as of the date of production are to be produced. Any documents created or obtained after that date are to be produced under Your continuing obligation to supplement its production immediately upon the creation or development of additional responsive documents.

8. The singular form of a noun or pronoun includes the plural form, and the plural form includes the singular.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all responses that otherwise might be construed to be outside of its scope.

10. The relevant time period for these requests runs through the present, unless otherwise stated.

11. These document requests are continuing in nature, up to and during the course of any hearing in this proceeding. Documents and tangible things sought by these requests that You obtain after You serve Your answers must be produced to counsel for the Plaintiffs by supplementary answers or productions.

12. All documents are to be produced in electronic form. To the extent documents can be accurately represented in black and white, they should be produced in single page Tagged Image File Format (TIFF), together with any related field-delimited loadfiles (e.g. Concordance DAT, CSV, OPT, LOG). The following fields should be included in the loadfiles: begin Bates number; end Bates number; begin Attachment Bates number; end Attachment Bates number; custodian; date sent (for e-mail messages); date modified (for email and non-email messages where information is available); date created (for email and non-email messages where information is available); author (for email and non-email messages); to (for email messages); from (for email messages); cc (for email messages); bcc (for email messages); subject (for email messages); filename (for

3

electronically collected files); filepathway (for electronically collected files). All images should be endorsed with a unique Bates number as well as appropriate confidentiality designation. The Bates number should consist of a prefix which can be used to identify the producing party and a page number. These endorsements should not obstruct any portion of the text in the image. All spreadsheet and presentation files, such as Excel and PowerPoint files, should be provided in native format with a link to the native file in the loadfile.

## DEFINITIONS

1. "Absentee ballot" shall mean a paper ballot issued to a voter who is unable to attend a polling place in person on Election Day or during Early Voting.

2. "Concerning" as used herein means relating to, referring to, reflecting, regarding, describing, evidencing, or constituting.

3. "Communication" means any transfer of information of any type, whether written, oral, electronic, or otherwise.

4. "Document" means the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic manner, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegram, electronic mail, computer file, meeting minute, memorandum, statement, book, record, survey, map, study, handwritten note, working paper, chart, tabulation, graph, tape, data sheet, data processing card, database, printout, microfilm, index, appointment book, diary, diary entry, calendar, calendar entry, desk pad, telephone message slip, note of interview or communication or any other data compilation in Your possession, custody or control, including all drafts of all such documents, and all documents You have provided to Your counsel. You are requested to produce all drafts and notes, whether typed, handwritten, or otherwise, made or prepared in connection with such documents, whether or not used.

4

5. "Early Voting" shall mean one-stop voting whereby a registered voter goes to their county board of elections or an alternative location to vote prior to Election Day.

6. "H.B. 589" shall refer to Session Law 2013-381/House Bill 589 ratified by the General Assembly on July 26, 2013 and signed into law by the Governor on August 12, 2013.

7. "In-person voter fraud" shall mean attempted fraudulent voting by means of a person claiming to be someone else in order to vote at a polling place in person on election day.

8. "Legislator" shall mean any member of the North Carolina General Assembly and any of his or her employees, agents, representatives, or other personnel involved in the functions or duties of the political office of that member.

9. "NCDOT" shall mean the North Carolina Department of Transportation, including the Division of Motor Vehicles.

10. "Photo identification" shall mean a photo identification card that meets the requirements to vote as set forth in H.B. 589.

11. "Registered voter" shall mean all persons currently registered to vote in the State of North Carolina's database and all persons who may properly register to vote by the the close of discovery in this case.

12. "Relating to" as used herein means concerning, referring to, reflecting, regarding, describing, evidencing, or constituting.

13. "Same day registration" refers to the provisions of N.C. Gen. Stat. § 163-82.6A before it was repealed by H.B. 589, which permitted qualified voters to register to vote in person and then vote at one-stop voting sites located in each county.

14. "You" means Senator Phil Berger and all of Your employees, agents, or representatives, its counsel, and all employees, agents, or representatives of counsel. "You" shall further include all predecessors in interest, parents, subsidiaries, partners, joint ventures, or other

5

corporate affiliates of Senator Berger, and all of their employees, agents, or representatives, their counsel, and all employees, agents, or representatives of counsel.

15. "Procedural irregularities" shall mean any legislative processes outside of standard floor debate, amendments, tabling procedures, and passage by majority vote.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications received or created by you concerning the rationale, purpose, implementation, and/or text of H.B. 589.

### REQUEST FOR PRODUCTION NO. 2:

All documents concerning communications between you and your constituents regarding any provision in H.B. 589 or any other election law proposed during the 2013 session of the General Assembly.

### REQUEST FOR PRODUCTION NO. 3:

All documents concerning communications between you and any other legislator in the North Carolina General Assembly regarding any provision in H.B. 589 or any other election law proposed during the 2013 session of the General Assembly.

### REQUEST FOR PRODUCTION NO. 4:

All documents concerning communications between you and the office of the Governor of North Carolina regarding any provision in H.B. 589 or any other election law proposed during the 2013 session of the General Assembly.

### REQUEST FOR PRODUCTION NO. 5:

All documents concerning communications between you and any North Carolina state

agency regarding any provision in H.B. 589 or any other election law proposed during the 2013 session of the General Assembly.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning communications between you and any lobbyists, political organizations, or public interest groups regarding any provision in H.B. 589 or any other election law proposed during the 2013 session of the General Assembly.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications received or created by you concerning procedural irregularities in enacting H.B. 589.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications received or created by you related to any incident of in-person voter fraud or any incident of voter fraud involving absentee ballots from 1995 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications received or created by you relating to reports or data issued by the State Board of Elections concerning proposed, debated, or enacted voting legislation during the 2013 session of the General Assembly.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications received or created by you referring or relating to any estimate, report, study, or analysis of the number, race, and/or ethnicity of registered voters who do not have any of form of photo identification that is acceptable to vote under H.B. 589.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications received or created by you referring or relating to estimates, reports, studies, or analyses of (i) the costs to voters to secure documents required to obtain the photo identification required to vote as set forth in H.B. 589; or (ii) the costs or expense to the State of North Carolina associated with implementing the photo identification requirement set forth in H.B. 589.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications received or created by you referring or relating to a comparison of the State of North Carolina's voter registration database with NCDOT records, including but not limited to any such documents that provide a subset of registered voters who do not have an NCDOT-issued ID.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications received or created by you referring or relating to any estimate, report, study, or analysis of H.B. 589's impact on future elections, including the impact of H.B. 589 on voter turnout, one-stop absentee voting (early voting), and/or potential increased waiting times at polls.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications received or created by you referring or relating to any estimate, report, study, or analysis of any provision in H.B. 589 or any election law proposed or enacted during the 2013 session of the North Carolina General Assembly.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications received or created by you relating to the cost or expense, including any estimates or analyses, of administering any provision in H.B. 589 or any

8

election law proposed or enacted during the 2013 session of the North Carolina General Assembly.

### REQUEST FOR PRODUCTION NO. 16:

All documents and communications received or created by you relating to the costs or expense of election administration for local, state, and federal elections, before the implementation of H.B. 589.

### REQUEST FOR PRODUCTION NO. 17:

All documents and communications received or created by you relating to any data tracking, recording, and/or studying voting patterns by race.

9

Dated: December 5, 2013                                    Respectfully submitted,

                                              By:    /s/ *Adam Stein*

Penda D. Hair                                        Adam Stein (N.C. State Bar # 4145)
Edward A. Hailes, Jr.                                Of Counsel
Denise D. Lieberman                                  TIN FULTON WALKER & OWEN, PLLC
Donita Judge                                         312 West Franklin Street
Caitlin Swain                                        Chapel Hill, NC 27516
ADVANCEMENT PROJECT                                  Telephone: (919) 240-7089
Suite 850                                            E-mail: astein@tinfulton.com
1220 L Street, N.W.
Washington, DC 20005                                 Thomas D. Yannucci
Telephone: (202) 728-9557                            Daniel T. Donovan
E-mail: phair@advancementproject.com                 Susan M. Davies
                                                     K. Winn Allen
Irving Joyner (N.C. State Bar # 7830)                Uzoma Nkwonta
P.O. Box 374                                         Kim Knudson
Cary, NC 27512                                       Anne Dechter
Telephone: (919) 319-8353                            Jodi Wu
E-mail: ijoyner@nccu.edu                             KIRKLAND & ELLIS LLP
                                                     655 Fifteenth St., N.W.
                                                     Washington, DC 20005
                                                     Telephone: (202) 879-5000
                                                     E-mail: tyannucci@kirkland.com

10