IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK LLOYD MCCRORY, in his official capacity as the Governor of North Carolina, et al., <br> Defendants. | **Case No.: 1:13-CV-658** |
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, et al., <br><br> Defendants. | **Case No.: 1:13-CV-660** |
| UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, et al, <br><br> Defendants. | **Case No.: 1:13-CV-861** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF SEAN P. TRENDE, THOMAS HOFELLER AND DONALD SCHROEDER**

Plaintiffs submitted detailed, evidence-based expert reports from some of the nation's leading experts on voting and voting analysis who have been accepted and cited favorably by courts across the country. In contrast, Defendants submitted "expert" reports from Messrs. Trende and Hofeller and Dr. Schroeder—individuals who have never previously conducted the type of analyses they are now presenting to the Court. As described more fully in Plaintiffs' Motions to Strike the Declarations of Sean Trende, Thomas Hofeller, and Donald Schroeder ("Plaintiffs' Motions to Strike"), these individuals' lack of qualifications and familiarity with such analyses were manifested in their flawed methodologies and failure to consider issues that experts in the field consider as a matter of course. In short, the Court's gatekeeping function requires exclusion of such unqualified and unreliable testimony.

The standard for the admissibility of expert testimony is well settled. Expert testimony is governed by Federal Rule of Evidence 702 and under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Pursuant to these authorities, expert testimony that is not qualified, reliable, and relevant is inadmissible. Regardless of whether a court or jury sits as trier of fact, expert testimony must still satisfy the Rule 702 requirement. *See e.g. Wright v. United States*, 280 F. Supp. 2d 472, 479-81 (M.D.N.C. 2003). The proponent of the testimony bears the burden of establishing its admissibility by a preponderance of proof. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10).

By their own admission, Messrs. Trende and Hofeller and Dr. Schroeder lack experience analyzing the specific voting provisions at issue in this case. Trende Dep. at

1

279:1- 280:5; Hofeller Dep. 78:14-18; Schroeder Dep. at 93:23-94:4. As detailed in Plaintiffs' Motions to Strike, these witnesses further exhibit their lack of knowledge and experience by applying flawed methods; employing research methods in an unreliable manner not used in the relevant field; or making layman's observations of data supplied by Defendants without *any* methodology. Br. In Supp. Mot. to Strike Trende Decl. at 6. As a result, their declarations and analyses are riddled with errors. Instead of addressing their lack of specialized knowledge, flawed methodology, and errors, Defendants' Brief in Response ("Defs.' Br.") attempts to show that these shortcomings do not *automatically* disqualify the witnesses. But that turns the process for expert qualification on its head. As noted, the party proffering the testimony bears the burden of establishing a witnesses' qualifications. Because Defendants have failed to carry their burden, Plaintiffs' Motions to Strike should be granted.

## I. TRENDE'S TESTIMONY MUST BE STRICKEN

Defendants do not dispute that Mr. Trende is a blogger who now claims to be an expert in a field that is not recognized by *any* academic institution. What is particularly galling about this is that there *is* a recognized field that studies and publishes extensively on the impact of election laws: political science. Defendants confirm that Mr. Trende is not a political scientist and concede that Mr. Trende lacks the hallmark qualifications of an expert in the relevant field: he lacks a Ph.D, has never authored any peer-reviewed articles, has no prior experience analyzing the effects of the voting practices at issue, and had never, prior to this case, examined any state's laws on the same day registration, out of precinct voting and pre-registration *See* Defs.' Br. 6. While such qualifications are

2

not exhaustive, *Cooper*, 259 F.3d at 200, Defendants' offer no alternative basis for Mr. Trende's purported expertise. Defendants cannot fill the gap left by Mr. Trende's lack of formal training or recognized qualifications because Mr. Trende also lacks practical experience, including *any* prior experience examining *any* state's laws with respect to same day registration or out-of-precinct balloting and lacks *any* experience analyzing the effects of the challenged voting practices on turnout.[1] Pls.' Br. In Supp. Mot. to Strike Trende Decl. ("Pls.' Trende Br.") Decls. at 5-7 [ECF No. 157].

Mr. Trende's total lack of relevant experience is manifested in the many methodological flaws that plague his analysis and form the basis of his second opinion. Although Defendants argue that regression analysis is itself a valid statistical process for estimating relationships between variables, they ignore that Mr. Trende uses regression analysis in a manner inconsistent with the generally accepted standards of political science. Plaintiffs identify numerous ways in which Mr. Trende fails to adhere to generally accepted standards in political science for constructing a cross-state comparison: Mr. Trende fails to conduct a valid time series analysis, using only endpoint intervals of 2000 and 2012; fails to differentiate between the three different challenged voting reforms, assigning one point for each reform and analyzing a state's overall score despite the vastly different effect the reforms have on turnout; and fails to control for

---

[1] In *Smith v. Ford Motor Co.*, 215 F. 3d 713 (7th Cir. 2000), the sole case on which Defendants rely to establish Mr. Trende's purported qualifications as an expert, is entirely inapposite. In *Smith*, the court recognized that extensive specialized practical experience could form a basis for qualifying an expert to perform an analysis in an area where the expert had relevant practical experience. *Id.* at 720. But unlike the expert in *Smith*, Mr. Trende has *no* experience performing an analysis of the type he has attempted in this case.

3

factors known to affect turnout, including age and education, in conducting what he erroneously describes as a multivariate analysis. Pls.' Trende Br. at 8-14. Defendants do not contest the substance of these criticisms, which are not simple "disagree[ments]" with the way Mr. Trende conducted his cross-state comparison, as Defendants claim, Defs.' Br. at 8, but rather fatal flaws that render his analysis wholly unreliable.

Mr. Trende's material failures in applying the methodology are not saved simply because he used a regression analysis. An unreliable application of a commonly used methodology does not satisfy the reliability prong of the *Daubert* standard and does nothing to "ensure the intellectual rigor that characterizes the practice of an expert in the relevant field." *Cooper*, 259 F. 3d at 200 (quoting *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)) (affirming the lower court's exclusion of the expert testimony because of his irregular and unreliable application of a methodology that the 4th Circuit previously recognized as "a valid foundation for an expert opinion under Rule 702").

Similarly, Mr. Trende uses CPS data without correcting for the known error rate of that data. *See* Pls.' Trende Br. at 16-20. The data is unreliable despite Defendants' circular logic that "the data are what they are." Defs.' Br. at 9. The method that political scientists use to ensure greater reliability of CPS data is to weigh it for the known error rates arising from non-responses and over-reporting. Pls.' Trende Br. at 16-20. Mr. Trende failed to undertake this straightforward process.

Lastly, Mr. Trende omits from his declaration that the substantial weight of scholarly opinions contradict his findings. *Id*. at 14-15. For example, every political scientist who has studied the effect of same day registration on turnout has arrived at the

4

conclusion that same day registration increases turnout. Mr. Trende is literally the only person who has concluded that same day registration does not affect turnout. And while Defendants are correct that *Daubert* requires a court to focus on "principles and methodology, not the conclusions that they generate," 509 U.S. at 595, the Supreme Court has recognized that "conclusions and methodology are not entirely distinct from one another." *Gen. Elec. Co v. Joiner*, 522 U.S. 136, 146 (1997) ("Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") Mr. Trende's failure to acknowledge or explain the gap between his opinions and *all* scholarship on this topic severely undercuts his credibility and highlights the unreliability of his methodology. *See Marsh v. W.R. Grace & Co.*, 80 F. App'x 883, 887 (4th Cir. 2003). Defendants fail to explain other inconsistencies between Mr. Trende's methodology and accepted practices, for instance he conflates the effect of adding voting opportunities and eliminating them, and he relies on anecdotal news reports to posit a relationship between political campaigns and African Americans' use of early voting. Trende Br. 12 – 14.

## II. HOFELLER'S TESTIMONY MUST BE STRICKEN

Defendants do not dispute that this is the first time that Mr. Hofeller has conducted an analysis like the one he prepared for this case; none of his previously published work relates in any manner to the "opinions" that he offers here; and that no one else has ever used a similar methodology. *See* Br. In Supp. Mot. to Strike Hofeller Decl. ("Pls.' Hofeller Br.") at 2-4 [ECF No. 161]. Instead, Defendants argue that Mr. Hofeller is "an

5

expert in redistricting" and that, somehow, that experience qualifies him as an expert in this case. Defs.' Br. at 10. But, while it may be true that Mr. Hofeller "analyzes and interprets large sets of demographic and election data" in his redistricting work, Defendants fail to explain how that experience transfers to the work that Mr. Hofeller has done in *this* case. It is not enough that Mr. Hofeller has "significant political experience"—because Mr. Hofeller plainly lacks "particular expertise" in the election practices at issue, he is not qualified to offer the opinions that he prepared expressly for the purposes of testifying in this case. *See Koppell v. N.Y. State Bd. of Elections*, 97 F. Supp. 2d 477, 481-82 (S.D.N.Y. 2000); *see also Doe v. Ortho-Clinical Diagnostics, Inc.*, 440 F. Supp. 2d 465, 470 (M.D.N.C. 2006).

Similarly, Defendants cannot refute that Mr. Hofeller failed to consider reasonable alternative explanations supported by the data, rendering his "methodology" nothing more than unsupported speculation, clearly inadmissible under *Daubert* and the Federal Rules. *See Kumho*, 526 U.S. at 152; *Cooper*, 259 F.3d at 203; *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250-51 (4th Cir. 1999). Instead, Defendants argue that "[i]n cases where the opinion is not scientific or statistical, the *Daubert* factors have less relevance." Defs.' Br. at 12 n.7. But, this argument was rejected by the Supreme Court 15 years ago in *Kumho*. *See* 526 U.S. at 147 (considering the question of whether *Daubert* "applies only to 'scientific' testimony or to all expert testimony" and holding that "it applies to all expert testimony"). Under the relevant *Daubert* factors, there can be no serious argument that Mr. Hofeller's opinion is reliable and that it should not be excluded. *See, e.g.*, *Holesapple v. Barrett*, 5 F. App'x 177, 179-180 (4th Cir. 2001)

6

(affirming exclusion of proffered "admiralty expert" who purported to rely on "experience as a recreational and commercial boat operator, race boat driver, test boat driver, and instructor" but who failed to consider "the standard indicia associated with this particular accident" necessary "to show that he had formed [a reliable and admissible] opinion).

Finally, Defendants argue that if Mr. Hofeller's testimony is not admissible expert testimony "because he has done nothing more than 'regurgitate' data provided to him," the Court should treat Mr. Hofeller's "declaration as that of a fact witness." Defs.' Br. at 12 n.7. But, fact witnesses must have "personal knowledge" about the matters to which they testify, Fed. R. Evid. 602, and may only offer opinion testimony it if is "rationally based on [their] perception . . . and . . . *not* based on . . . specialized knowledge." Fed. R. Evid. 701 (emphasis added). There is no evidence that Mr. Hofeller was personally familiar with the data "summarized" by his Declaration and charts and maps until counsel for Defendants provided it to him in connection with preparing his report. And, Mr. Hofeller admits that his opinions are based on his extrapolation from the data presented to him, not on his personal knowledge. *See, e.g.*, Hofeller Dep. at 72:25-73:9 [ECF No. 161-1]. Indeed, given that Mr. Hofeller admitted that he was unfamiliar even with how the materials he was provided with were prepared, *see e.g.*, *id*. at 124:20-25 (testifying he did not know who wrote bounding algorithm used to prepare maps attached to his Declaration), Mr. Hofeller could not even *authenticate* the data, much less serve as a fact witness to introduce it, or offer lay opinion testimony gleaned from it. *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 540-54 (D. Md. 2007).

7

## III.    SCHROEDER'S TESTIMONY MUST BE STRICKEN

Given Dr. Schroeder's admitted lack of any relevant experience in reviewing or analyzing the voting laws or ballot access issues relevant to this case, Defendants are reduced to arguing that Dr. Schroeder's general "training and experience"—including, inexplicably, his article *Aristotle on Law*,—"allow him to analyze election practices such as those at issue in this case and make *intuitive judgments* about the relative restrictiveness or permissiveness of the laws," Defs.' Br. at 14-15 (emphasis added). Dr. Schroeder's position as an associate professor of political philosophy and constitutional law might make his intuitive opinions on these topics interesting at a cocktail party, but it does not qualify him to offer expert testimony about them in a federal court. *See* Pls.' Br. In. Supp. Mot. to Strike Schroeder Decl. ("Pls.' Schroeder Br.") at 8-9 [ECF No. 159] (citing cases excluding expert testimony that relied on "instinct and intuition" as standardless and unreliable). Defendants make no effort whatsoever to distinguish the cases cited by Plaintiffs on this point.

In fact, although Defendants spend five-and-a-half pages of their opposition brief addressing Plaintiffs' Motion to Strike Dr. Schroeder's testimony, nowhere in those pages do Defendants cite a single case. Instead, they understandably devote their efforts to attempting to explain Dr. Schroeder's repeated and material errors in an analysis that Dr. Schroeder himself described as "[n]othing particularly advanced other than simply . . . counting beans." *Id.* at 9 (quoting Schroder Dep. at 26:4-27:1). Bean counting, however, is not the type of specialized skill or knowledge that "will help the trier of fact

8

to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). *See also* Pls.' Schroeder Br. at 10.

## IV. PLAINTIFFS' OBJECTIONS TO DEFENDANTS' DESIGNATIONS ARE WELL-FOUNDED

In response to Plaintiffs' objections to Defendants' lengthy descriptions of designated testimony, Defendants make two principal arguments: (1) Defendants understood the Court to "ask for brief descriptions of **each portion** of designated testimony," 7/21/14 Defs.' Resp. at 19 (emphasis added), and (2) Plaintiffs failed to provide specific examples of instances where Defendants mischaracterized testimony, *see id.* at 20. Neither response is adequate to overcome Plaintiffs' objections.

*First*, the Court clearly directed the parties to file concise summaries of the testimony being designated. Indeed, the Court instructed all parties to "please, with your designations, give me **no more than a few sentences** as to why this is important to your case, what it goes to." 7/10/14 Prelim. Inj. Hr'g Tr. 220:19-22 (emphasis added).

*Second*, Defendants argue that Plaintiffs failed to give any specific examples of instances where Defendants mischaracterized testimony. But the Court need look no further than Defendants' description of Rep. Rick Glazier's testimony. In their description, Defendants claim that "Glazier believes the H.B. 589 process in the House was a 'really good process.'" Defs.' Dep. Designations at 57 [ECF No. 171] (citing 6/20/14 Glazier Dep. at 75:20-25). What Rep. Glazier actually said was that "the House Bill with *just the voter ID provisions*, it did, and it was a really good process, I thought. It was the *subsequent final piece of legislation that became the problem or did not*."

9

Glazier Dep. at 75:20-25 [ECF No. 176-6]. Indeed, Representative Glazier testified that the legislative process for the full bill was "the worst" he had ever encountered. 7/8/14 Prelim. Inj. Hr'g Tr. at 66:22-25; 67:1 ("It was what I would tell you, bar none, the worst legislative process that I had ever been through . . .")"). Similarly, Defendants claim that Senator Earline Parmon testified that she "has been involved in conference committee negotiations which were in secret." 7/11/14 Defs.' Dep. Designations at 50 (citing Parmon Dep. at 14:3-6). However, in response to whether she had "ever been in a conference committee that did not have members of the public present," Sen. Parmon answered, "I have." 6/27/14 Parmon Dep. at 14:3-6 [ECF No. 176-5]. And when asked "is it true that the conference committee meets in secret," Sen. Parmon responded, "*I wouldn't say in secret.* It's -- the conference committee can meet without public notice." *Id.* at 13:18-21 (emphasis added).

The examples provided illustrate why ignoring the Court's guidance as to what was sought in these descriptions provides a disservice to the Court in considering that evidence. Defendants are attempting to supplant the words of those witnesses with their own, triggering the need for briefing to contest the accuracy of those re-characterizations.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court strike the declarations of Sean P. Trende, Thomas Hofeller, and Dr. Donald Schroeder, exclude any deposition testimony offered by these individuals, and reject the descriptions contained in Defendants' Designations of Deposition Testimony in Connection with Plaintiffs' Motion for Preliminary Injunction.

10

Case 1:13-cv-00861-TDS-JEP   Document 170   Filed 07/25/14   Page 11 of 18

Dated: July 25, 2014                                    Respectfully submitted,

                                                  By:   */s/ Adam Stein*

| | |
|---|---|
| Penda D. Hair | Adam Stein (N.C. State Bar # 4145) |
| Edward A. Hailes, Jr. | Of Counsel |
| Denise D. Lieberman | TIN FULTON WALKER & OWEN, PLLC |
| Donita Judge | 312 West Franklin Street |
| Caitlin Swain | Chapel Hill, NC 27516 |
| ADVANCEMENT PROJECT | Telephone: (919) 240-7089 |
| Suite 850 | E-mail: astein@tinfulton.com |
| 1220 L Street, N.W. | |
| Washington, DC 20005 | /s/ *Daniel T. Donovan* |
| Telephone: (202) 728-9557 | Thomas D. Yannucci |
| phair@advancementproject.com | Daniel T. Donovan |
| | Susan M. Davies |
| Irving Joyner (N.C. State Bar # 7830) | Bridget K. O'Connor |
| | K. Winn Allen |
| P.O. Box 374 | Kim Rancour |
| Cary, NC 27512 | Jodi Wu |
| Telephone: (919) 319-353 | KIRKLAND & ELLIS LLP |
| E-mail: ijoyner@nccu.edu | 655 Fifteenth St., N.W. |
| | Washington, DC 20005 |
| | Telephone: (202) 879-5000 |
| | E:mail: daniel.donovan@kirkland.com |

*Attorneys for Plaintiffs in North Carolina Conference of NAACP, et al. v. McCrory, et al.*

11

Dated: July 25, 2014					Respectfully submitted,

					By:	*/s/ Allison J. Riggs*

| | |
|---|---|
| Laughlin McDonald* | Anita S. Earls (State Bar # 15597) |
| ACLU Voting Rights Project | Allison J. Riggs (State Bar # 40028) |
| 2700 International Tower | Southern Coalition for Social Justice |
| 229 Peachtree Street, NE | 1415 Highway 54, Suite 101 |
| Atlanta, GA 30303 | Durham, NC 27707 |
| Telephone: (404) 500-1235 | Telephone: (919) 323-3380 ext. 115 |
| E-mail: lmcdonald@aclu.org | Facsimile: (919) 323-3942 |
| * *appearing pursuant to Local Rule 83.1(d)* | E-mail: allisonriggs@southerncoalition.org |
| | /s/ *Dale Ho* |
| Christopher Brook (State Bar #33838) ACLU of North Carolina Legal Foundation | Dale Ho* |
| | Julie A. Ebenstein* |
| | ACLU Voting Rights Project |
| P.O. Box 28004 | 125 Broad Street |
| Raleigh, NC 27611-8004 | New York, NY 10004 |
| Telephone: 919-834-3466 | Telephone: (212) 549-2693 |
| Facsimile: 866-511-1344 | E-mail: dale.ho@aclu.org |
| E-mail: cbrook@acluofnc.org | **appearing pursuant to Local Rule 83.1(d)* |

*Attorneys for Plaintiffs in League of Women Voters of North Carolina, et al. v. North Carolina, et al.*

12

Case 1:13-cv-00861-TDS-JEP   Document 170   Filed 07/25/14   Page 13 of 18

Dated: July 25, 2014                                        Respectfully submitted,


/s/ *John M. Devaney*                                       /s/ *Edwin M. Speas, Jr.*
John M. Devaney                                             Edwin M. Speas, Jr.
PERKINS COIE LLP                                            POYNER SPRUILL LLP
D.C. Bar No. 375465                                         N.C. State Bar No. 4112
E-mail: JDevaney@perkinscoie.com                            E-mail: espeas@poynerspruill.com
Marc E. Elias                                               John W. O'Hale
D.C. Bar No. 442007                                         N.C. State Bar No. 35895
E-mail: MElias@perkinscoie.com                              E-mail: johale@poynerspruill.com
Elisabeth C. Frost                                          Caroline P. Mackie
D.C. Bar No. 1007632                                        N.C. State Bar No. 41512
E-mail: EFrost@perkinscoie.com                              E-mail: cmackie@poynerspruill.com
700 Thirteenth Street, N.W., Suite 600                      P.O. Box 1801 (27602-1801)
Washington, D.C. 20005-3960                                 301 Fayetteville St., Suite 1900
Telephone: (202) 654-6200                                   Raleigh, NC 27601
Facsimile: (202) 654-6211                                   Telephone: (919) 783-6400
                                                            Facsimile: (919) 783-1075

Joshua L. Kaul
Wisconsin Bar No. 1067529                                   *Local Rule 83.1*
E-mail: JKaul@perkinscoie.com                               *Attorneys for Duke Plaintiff-Intervenors*
1 East Main Street, Suite 201
Madison, WI 53705
Telephone: (608)294-4007
Facsimile: (608) 663-7499

*Attorneys for Duke Plaintiff-Intervenors*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2014, I served Plaintiffs' Reply in Support of Motion to Strike Declarations of Sean P. Trende, Thomas Hofeller, and Dr. Donald Schroeder with the Clerk of Court using the CM/ECF system in case numbers 1:13-cv-658, 1:13-cv-660, and 1:13-cv-861, which on the same date sent notification of the filing to the following:

*Counsel for Plaintiffs*
Adam Stein
TIN FULTON WALKER & OWEN, PLLC
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: (919) 240-7089
Facsimile: (919) 240-7822
E-mail: astein@tinfulton.com

Penda D. Hair
Edward A. Hailes
Denise Lieberman
Donita Judge
Caitlin Swain
ADVANCEMENT PROJECT
Suite 850
1220 L Street, N.W.
Washington, DC 20005
Telephone: (202) 728-9557
E-mail: phair@advancementproject.com

Irving Joyner, Esq.
PO Box 374
Cary, NC 27512
E-mail: ijoyner@nccu.edu

Daniel T. Donovan
Thomas D. Yannucci
Susan M. Davies
Bridget K. O'Connor
K. Winn Allen
Kimberly D. Rancour
Jodi Wu
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
Telephone: (202) 879-5174
Facsimile: (202) 879-5200
E-mail: daniel.donovan@kirkland.com

*Counsel for Plaintiffs in League of Women Voters of North Carolina, et al. v. North Carolina, et al.*
Anita S. Earls (State Bar # 15597)
Allison J. Riggs (State Bar # 40028)
Clare R. Barnett (State Bar #42678)
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 Highway 54, Suite 101
Durham, NC 27707
Telephone: (919) 323-3380 ext. 115
Facsimile: (919) 323-3942
E-mail: anita@southerncoalition.org

Christopher Brook (State Bar #33838)
ACLU of NORTH CAROLINA LEGAL
FOUNDATION
P.O. Box 28004
Raleigh, NC 27611-8004
Telephone: (919) 834-3466
Facsimile: (866) 511-1344
E-mail: cbrook@acluofnc.org
Dale Ho*
Julie A. Ebenstein*
ACLU VOTING RIGHTS PROJECT
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2693
E-mail: dale.ho@aclu.org
*appearing pursuant to Local Rule 83.1(d)

Laughlin McDonald*
ACLU VOTING RIGHTS PROJECT
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Telephone: (404) 500-1235
E-mail: lmcdonald@aclu.org
*appearing pursuant to Local Rule 83.1(d)

*Counsel for Plaintiffs in US v. North Carolina, et al.*
T. Christian Herren, Jr.
John A. Russ IV
Catherine Meza
David G. Cooper
Spencer R. Fisher
Elizabeth Ryan
Attorneys, Voting Section
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (800) 253-3931

Facsimile: (202) 307-3961
E-mail: john.russ@usdoj.gov
E-mail: catherine.meza@usdoj.gov

Gill P. Beck (State Bar # 13175)
Special Assistant United States Attorney
OFFICE OF THE UNITED STATES
ATTORNEY
United States Courthouse
100 Otis Street
Asheville, NC 28801
Telephone: (828) 259-0645
E-mail: gill.beck@usdoj.gov

*Counsel for Defendant Patrick McCrory*
Karl S. Bowers, Jr.
BOWERS LAW OFFICE LLC
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
Facsimile: (803) 250-3985
E-mail: butch@butchbowers.com

Robert C. Stephens
General Counsel
OFFICE OF THE GOVERNOR OF
NORTH CAROLINA
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov
*Of Counsel*

*Counsel for Defendants State of North Carolina and Members of the State Board of Elections*
Alexander Peters, Esq.
NC DEPARTMENT OF JUSTICE
PO Box 629
Raleigh, NC 27602
Telephone: (919) 716-6913
Facsimile: (919) 716-6763
E-mail: apeters@ncdoj.gov

Thomas A. Farr, Esq.
Phillip J. Strach, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C
4208 Six Forks Road
Raleigh, NC 27609
Telephone: (919) 787-9700
Facsimile: (919)783-9412
E-mail: thomas.farr@ogletreedeakins.com
E-mail: phil.strach@ogletreedeakins.com

Respectfully Submitted,

*/s/ Daniel T. Donovan*

Daniel T. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
Telephone: (202) 879-5174
Facsimile: (202) 879-5200
E-mail: daniel.donovan@kirkland.com

/s/ *Adam Stein*

Adam Stein (N.C. State Bar #4145)
TIN FULTON WALKER & OWEN, PLLC
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: (919) 240-7089
E-mail: astein@tinfulton.com